UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Calvin Bruce,　　　　　　　　　　　　　　　Case No. 18-cv-0346 (WMW/TNL)

　　　　　　Petitioner,
　　　　　　　　　　　　　　　　　　　**ORDER ADOPTING REPORT AND**
　　v.　　　　　　　　　　　　　　　　　　**RECOMMENDATION**

Warden, FCI Sandstone,

　　　　　　Respondent.

This matter is before the Court on the April 20, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung. (Dkt. 3.) The R&R recommends dismissing for lack of jurisdiction Petitioner Calvin Bruce's petition for a writ of habeas corpus. Bruce filed objections to the R&R, and Respondent Warden, FCI Sandstone responded.[1]

Bruce who currently is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, filed this petition for a writ of habeas corpus pursuant to Title 28, United States Code, Section 2241. Bruce's petition challenges the sentencing enhancement imposed by the United States District Court for the Western District of Wisconsin following his conviction of possession with intent to distribute cocaine. Because a prisoner

---

[1] Both Bruce's objections to the R&R and FCI Sandstone's response to those objections were untimely filed. *See* LR 72.2(b) (requiring objections to be filed within 14 days after service of R&R and any response to be filed within 14 days after service of objections). Because FCI Sandstone filed an untimely response to Bruce's objections and does not object to Bruce's untimely submission, the Court considers both parties' submissions.

generally must challenge the imposition of a sentence in the jurisdiction in which the sentence was imposed, the R&R determines that the Court lacks subject-matter jurisdiction to consider Bruce's petition and recommends that Bruce's petition be dismissed without prejudice. Bruce objects to the R&R and argues that, because the decisions of the Supreme Court of the United States in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Descamps v. United States*, 570 U.S. 254 (2013), are new rules of law that apply retroactively, this Court can consider his Section 2241 petition. The Court reviews Bruce's objections de novo. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

A federal prisoner generally must challenge the imposition of a sentence by filing a petition for a writ of habeas corpus in the jurisdiction in which the sentence was imposed, unless doing so would be "inadequate or ineffective." 28 U.S.C. § 2255(e). A new or retroactive rule of law may render Section 2255 relief inadequate, thereby permitting a Section 2241 petition in the jurisdiction in which a prisoner is incarcerated. *Abdullah v. Hedrick*, 392 F.3d 957, 960-63 (8th Cir. 2004). Here, Bruce argues that the decisions in *Mathis* and *Descamps* represent new and retroactive rules of law that permit the filing of his Section 2241 petition in this district. Bruce is mistaken. In *Mathis*, the Supreme Court expressly stated that its decision was "straightforward" because it was applying precedent that had existed "[f]or more than 25 years." 136 S. Ct. at 2257; *see also Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) (rejecting argument that *Mathis* represented new or retroactive rule of law). And the United States Court of Appeals for the Eighth

Circuit has held that *Descamps* does not represent a new or retroactive rule of law. *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016).

Accordingly, Bruce's objections to the R&R are overruled, and his Section 2241 petition must be dismissed for lack of jurisdiction. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (determining that a district court lacks jurisdiction to consider an unauthorized Section 2241 petition for a writ of habeas corpus).

## ORDER

Based on the Report and Recommendation and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Calvin Bruce's objections to the R&R, (Dkt. 4), are **OVERRULED**;

2. The April 20, 2018 R&R, (Dkt. 3), is **ADOPTED**; and

3. Petitioner Calvin Bruce's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 1, 2018                                  s/Wilhelmina M. Wright
                                                                                           Wilhelmina M. Wright
                                                                                           United States District Judge